CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
February 02, 2026
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **KWASI FRANCIS,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:25CV00089 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **WARDEN J. GILLEY,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Respondent. | ) | |
| | ) | |

*Kwasi Francis*, Pro Se Petitioner; *Krista Consiglio Frith*, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Respondent.

The petitioner, proceeding pro se, filed this action as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his credit for time served. By Order entered February 11, 2025, the court notified Francis of her ongoing responsibility to keep the court apprised of her current mailing address. Order, Dkt. No. 3. The Order further warned Francis that failure to comply with this requirement would result in dismissal of the action without prejudice. *Id.* Without a current mailing address for Francis, the court cannot communicate to him the next steps he needs to take to prosecute his habeas case in this court as required for this litigation.

Francis had previously advised the court of a change of address. Notice, Dkt. No. 11. Thereafter, the court's mailings, including the Roseboro Notice, Dkt. No.

10; the Notice to Parties of Right to Consent to Jurisdiction of United States Magistrate Judge, Dkt. No. 18; and the Order granting the respondent's Motion to Substitute Attorney, Dkt. No. 17, were returned as undeliverable to Francis at the address he had provided. The returned envelope indicated that authorities were unable to forward the mailing. The docket reflects that Francis has not communicated with the court for several months and it appears that Francis may have lost interest in prosecuting this habeas corpus action.

Therefore, based on Francis' failure to comply with the court's Order regarding the need to provide the court with a current mailing address, I will dismiss the action without prejudice for failure to prosecute. *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) (stating pro se litigants are subject to time requirements and respect for court orders and dismissal is an appropriate sanction for non-compliance); *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 340-41 (3d Cir. 1982) (recognizing a district court may sua sponte dismiss an action pursuant to Fed. R. Civ. P. 41(b)). I will also terminate the respondent's pending Motion to Dismiss or in the Alternative Motion for Summary Judgment, Dkt. No. 6, without prejudice.

A separate Judgment will issue herewith.

DATED: February 2, 2026

/s/  JAMES P. JONES
Senior United States District Judge